# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2020

Lyle W. Cayce
Clerk

No. 19-30165

FIREFIGHTERS' RETIREMENT SYSTEM; MUNICIPAL EMPLOYEES RETIREMENT SYSTEM OF LOUISIANA; NEW ORLEANS FIREFIGHTERS' PENSION & RELIEF FUND,

Plaintiffs - Appellants

v.

CITCO GROUP LIMITED; CITCO FUND SERVICES (CAYMAN ISLANDS), LIMITED; CITCO BANKING CORPORATION, N.V.,

Defendants - Appellees

Appeals from the United States District Court
for the Middle District of Louisiana

Before WIENER, HIGGINSON, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

As this court recently reaffirmed, "there is no final decision if a plaintiff voluntarily dismisses a defendant without prejudice, because the plaintiff 'is entitled to bring a later suit on the same cause of action.'" *Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341, 343 (5th Cir. 2020) (en banc) (quoting *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978)). We also observed that, under Rule 54(b), "in a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants." *Id.*

## No. 19-30165

Those principles control this case.  Here, a group of Louisiana pension funds sued various defendants for their alleged involvement in a Ponzi scheme. The district court later entered summary judgment for a set of defendants— the Citco Group and various related entities.  To appeal that decision, the Funds voluntarily dismissed one defendant without prejudice and then resolved all remaining claims either by settlement or default judgment.

The only difference between this case and *Williams* is the order of dismissals after the adverse decision.  In *Williams*, the voluntary dismissal without prejudice disposed of all remaining defendants in the case.  958 F.3d at 344.  Here, the Funds voluntarily dismissed one defendant without prejudice and then adjudicated their claims against other defendants.  But that is a distinction without a difference.  The Funds sought to render an interlocutory decision appealable by dismissing at least one defendant without prejudice. And under *Williams*, that means—absent some further act like a Rule 54(b) certification—there is no final, appealable decision.  *See id.* at 343.[1]

We dismiss the appeal for want of appellate jurisdiction.

---

[1] Because the dismissal without prejudice in this case occurred after the order the Funds seek to appeal, we do not decide how *Williams* and *Ryan* would apply where the dismissal occurred before the adverse, interlocutory order.  *See Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265–66 (11th Cir. 1999) (concluding that there was a final decision in such a case).  For that reason, this decision does not create a split with the Eleventh Circuit—and may explain why the Funds did not cite *Schoenfeld* in arguing that appellate jurisdiction exists here.